UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ROMAR SALES CORP. and | ) | |
| DIANE G. KRANZ, as Executor of the | ) | |
| Estate of David Geller, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:12-cv-838 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| STEPHEN S. SEDDON, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |

This is an action for dissolution of a Michigan corporation because of a shareholder deadlock. Presently pending before the court is a motion by defendants to stay discovery until such time as the court rules on defendants' motion to dismiss under the *Burford* and *Colorado River* abstention doctrines. Plaintiffs oppose the motion for stay. The court has set this matter for hearing on Monday, January 14, 2013. On review of the submissions of the parties, the court determines that oral argument will not be helpful. *See* W.D. MICH. LCIVR 7.3(d).

**Procedural History**

This is an action for dissolution of Ellis Seddon Enterprises, Inc. (ESEI), a Michigan corporation. The defendant trustees own 50% of the shares of ESEI. Plaintiff Romar Sales Corp., a New York corporation, claims ownership of the other 50%. All of the shares of Romar were owned by David Geller, now deceased. On November 4, 2011, the Executor of the Estate of David Geller, deceased, filed an action in the Van Buren County Circuit Court for dissolution of ESEI and

for an accounting.  That case proceeded through discovery.  The trustee defendants moved for summary disposition, on the ground that actions for dissolution may be brought only by a shareholder, and that neither David Geller nor his estate were shareholders of ESEI.  The Executor filed a cross-motion for leave to add Romar Sales Corp., which had by that time been voluntarily dissolved.

By opinion and order entered June 25, 2012, the circuit court granted defendants' motion for summary disposition, finding that the Estate was not a shareholder of ESEI and therefore lacked standing to seek dissolution under Michigan law.  The court also denied a motion to add Romar Sales as a party plaintiff, finding that the Estate lacked authority to add Romar Sales.  (Op. & Order, docket # 20-3, ID#s 179-81).  That decision is now on appeal to the Michigan Court of Appeals.

Romar Sales then began this federal court action, invoking the court's diversity jurisdiction.  The complaint alleges claims substantially identical to those asserted in state court.  By motion filed October 31, 2012, defendants asked the court to abstain from deciding this matter on two alternative grounds.  The first is the *Burford* doctrine, which requires a federal court to abstain from cases presenting difficult questions of state law in circumstances that might disrupt state efforts to establish a coherent policy with regard to certain substantive areas.  *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  Principally relying on *Cudill v. Eubanks Farm, Inc.*, 301 F.3d 658 (6th Cir. 2002), defendants argue that the *Burford* abstention doctrine requires federal courts to relinquish their jurisdiction in favor of the state courts where exercise of jurisdiction would involve control over or interference with the internal affairs of a domestic corporation of the state.  Defendants argue that the *Burford* doctrine requires this court to abstain from this dissolution action, in favor of state-

court proceedings.  Alternatively, defendants' motion to dismiss invokes the *Colorado River* abstention doctrine, alleging that the pending state-court appeal is a parallel proceeding to this case and that a stay will conserve judicial resources.  *See Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 818 (1976).  Plaintiff has strenuously opposed the motion to dismiss or stay proceedings, which is now pending before Chief Judge Maloney.

## Motion to Stay Discovery

After filing the motion to dismiss, defendants filed the present motion for stay of discovery pending resolution of the motion to dismiss.  Defendants' motion seeks a discretionary stay under Rule 26(c) of the Federal Rules of Civil Procedure, pursuant to which trial courts have the inherent power to stay discovery until preliminary questions not involving the merits of the case are determined.  *See Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  Plaintiffs oppose the motion, asserting that defendants are attempting to delay the inevitable dissolution of ESEI. Plaintiffs argue that the court is not likely to accept either of defendants' abstention arguments and that the request to stay discovery is merely an effort to delay the ultimate resolution of the present shareholder deadlock.

Defendants' motion, as presently framed, involves the orderly management of the case and falls within the court's discretion.  "'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn*, 190 F.3d at 719).  Under Sixth Circuit authority, limitations on pretrial discovery are appropriate where claims may be dismissed "'based on legal determinations that could not have been

altered by any further discovery.'" *Gettings*, 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Mem. Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  Thus, a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.  Such a motion, therefore, is analogous to a request to modify the case management order, which requires a showing of good cause.  FED. R. CIV. P. 16(b)(4).

Plaintiffs argue that defendants must meet a much higher standard, but rely on inapposite authority.  Plaintiffs' citation of *Titan Tire Corp. of Bryan v. United Steelworkers of America*, No. 09-4460, 2010 WL 815557 (6th Cir. Mar. 10, 2010), is unavailing.  The four-part standard applied by the Court of Appeals in that case relates to requests for a stay of execution of a judgment pending appeal, which presents circumstances much different than those involved in a mere request to delay discovery for a finite period.  Also inapposite is *Ohio Environmental Council v. United States District Court, Southern District of Ohio*, 565 F.2d 393 (6th Cir. 1977).  That case involved a complete stay of proceedings, which could have placed the case "in limbo for years."  565 F.2d at 396.  Defendants' motion in the present case, by contrast, requests a stay of discovery until such time as the court decides a pending motion to dismiss.  Simply put, a delay in discovery is far less consequential than a complete stay of proceedings or a stay of execution of a presumptively valid judgment.  Plaintiffs' entire presentation proceeds on inaccurate assumptions concerning both the applicable standards and the relevant considerations pertinent to the decision presently before the court.  Defendants are not required to show a substantial likelihood of success on their dispositive motion, nor are they required to show irreparable harm.  These high standards, while appropriate to other requests for a stay of proceedings, are plainly irrelevant to the case-management

-4-

issue now before the court. The appropriate standard is "good cause" -- no more and no less. FED. R. CIV. P. 26(c)(1); *see Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012).

In the opinion of this court, an important consideration in the good-cause question is whether discovery will in any way affect the motions now pending before Judge Maloney or otherwise prejudice plaintiffs. The Court of Appeals has noted that limitations on pretrial discovery are indeed appropriate where claims may be dismissed based on legal determinations that could not have been altered in any way by further discovery. *Gettings*, 349 F.3d at 304. By contrast, a court abuses its discretion when it forecloses discovery on issues that are germane to a dispositive motion. In the present case, plaintiffs have not argued that they need further factual discovery to address the *Burford* or *Colorado River* abstention issues presented in defendants' pending motion to dismiss. This weighs heavily in favor of a stay. *See Cochrane v. United Parcel Serv., Inc.*, 137 F. App'x 768, 772-73 (6th Cir. 2005).

In essence, defendants seek to avoid the substantial expense of discovery (some of which, they allege, duplicates discovery taken in the previous state-court action) until such time as the court can rule on the pending dispositive motion. Defendants have made this position clear throughout the litigation. In connection with the Rule 16 scheduling conference, defendants asserted their desire to postpone discovery in this case until such time as the court could rule on these threshold issues. (*See* Joint Status Report ¶ 9, docket # 11). Because no motion for stay of discovery was then pending, the court noted, but did not act on, defendants' request. Now that the matter is squarely before the court, the equities favor defendants. Defendants have already been put to the expense of discovery in a state-court action, on which they substantially prevailed. That matter is now on appeal to the state court of appeals. Their present request is not to stay discovery

indefinitely, but only until such time as Judge Maloney can decide whether this case should proceed in federal court.  Aside from being delayed in their efforts to conduct more discovery, plaintiffs have not demonstrated prejudice or any other reason to require the parties to undergo the expense of discovery at this time.  If defendants are correct, then the parties will both be spared unnecessary expense.  If defendants' motion is denied, then plaintiffs will be allowed a full opportunity to conduct discovery.  The delay requested by defendants is finite, and their request is reasonable in the circumstances.

Therefore, defendants' motion for a stay of discovery (docket # 35) will be granted and discovery in this matter will be stayed pending Chief Judge Maloney's decision on the pending motion to dismiss.  After the motion is decided, if the case is still pending, plaintiffs' counsel shall request a further conference and the entry of a new case management order.

Dated:   January 11, 2013                    /s/  Joseph G. Scoville_____
                                             United States Magistrate Judge